## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

     Plaintiff,

v.                                  No. CV 08-0479 RB/KBM
                                        CR 04-0852 RB

ALEJANDRO ESPINOZA,

     Defendant.

<u>MEMORANDUM OPINION AND ORDER</u>

     This matter comes before the Court on Defendant's Motion to Set Aside Judgment (CV Doc. 120; CR Doc. 194) filed on March 17, 2014, and Motion to Disqualify (CV Doc. 123; CR Doc. 197) filed on June 3, 2014.   The motion to set aside judgment (the "60(b) motion") invokes rule 60(b)(3) and (4) of the Federal Rules of Civil Procedure.   Defendant asks the Court to set aside the judgment (CV Doc. 40; CR Doc. 123) entered on December 2, 2009, that dismissed his original motion under 28 U.S.C. § 2255.   Having reviewed the motions and Defendant's supporting memorandum, declaration, and affidavit, the Court will deny the disqualification motion and dismiss the 60(b) motion for lack of jurisdiction.

     In his disqualification motion, Defendant alleges that the assigned District Judge "refuses to hear and decide constitutional claims . . . simply because Petitioner disrupted the court proceedings during Petitioner's trial."   Defendant contends that the Judge has held a grudge against Defendant since the trial and that subsequent rulings were the result of bias towards Defendant.   His only factual allegation, however, is that none of those subsequent rulings have been in his favor.   As the Court of Appeals for the Tenth Circuit has stated, "We have held that 'a motion to recuse cannot be based solely on adverse rulings.' "   *Anderson v. Kennard*, 4 F. App'x 658, 660 (10th Cir. 2001) (quoting *Willner v. University of Kansas*, 848 F.2d 1023, 1028 (10th Cir.

1988)).   Furthermore, "judicial rulings and remarks during trial that are disapproving or even hostile to counsel, the parties, or their cases do not support a claim of bias or partiality unless they reveal 'such a high degree of favoritism or antagonism as to make fair judgment impossible.' " *Belden v. Wyoming Dep't of Corr.*, 251 F. App'x 512, 518 (10th Cir. 2007) (quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994)).   " 'A judge's ordinary efforts at courtroom administration--even a stern and short-tempered judge's ordinary efforts at courtroom administration--remain immune' from charges of bias."  *Coando v. Westport Resources*, 85 F. App'x 59, 63 (10th Cir. 2003) (quoting *Liteky*, 510 U.S. at 555).   Defendant's motion fails to meet the standards noted in the cited cases, and the Court will deny his disqualification motion.

Defendant's 60(b) motion seeks relief from the Court's order of December 2, 2009, that dismissed his § 2255 motion.   The Court of Appeals for the Tenth Circuit dismissed Defendant's appeal from that order (CV Doc. 46; CR Doc. 134).   *See United States v. Espinoza*, 392 F. App'x 666, 670 (10th Cir. 2010).   On rehearing, the court granted a COA on the sole issue of Defendant's claim under *Brady v. Maryland*, 373 U.S. 83 (1963), and remanded that issue to this Court for adjudication (CV Doc. 47; CR Doc. 135).   *See United States v. Espinoza*, 421 F. App'x 817, 819 (10th Cir. 2010).   On remand, this Court rejected the *Brady* claim and, once again, dismissed the § 2255 motion (CV Doc. 108; CR Doc. 182).   On November 27, 2013, the Court of Appeals again dismissed Defendant's appeal, *see United States v. Espinoza*, 545 F. App'x 783, 787 (10th Cir. 2013), although the Tenth Circuit's docket does not indicate issuance of a final mandate after the dismissal.   *See* https://ecf.ca10.uscourts.gov (Docket No. 13-2036) (last visited on July 14, 2014).   Likewise, the Tenth Circuit's 2013 dismissal order was not entered on this Court's docket.

Defendant sets out several grounds in support of his assertion that the dismissal of his

2

§ 2255 motion violated his Due Process rights.  He alleges that the order resulted from the assigned Judge's bias, denied him the right to be present at a critical stage, failed to consider a claim of ineffective assistance of counsel, and also resulted from the government's fraud on the Court.

Defendant argues that his motion is a "true" rule 60(b) motion and a not prohibited second or successive § 2255 motion.   As applicable here, the distinction is that, in a § 2255 proceeding, a "true" rule 60(b) motion "is a challenge to 'a defect in the integrity of the federal habeas proceeding, *provided that such a challenge does not itself lead inextricably to a merits-based attack on the disposition of a prior habeas petition.*' "  *In re Lindsey*, 582 F.3d 1173, 1175 (10th Cir. 2009) (italics in *Lindsey* opinion) (quoting *Spitznas v. Boone*, 464 F.3d 1213, 1216 (10th Cir. 2006)).   Examples of "true" 60(b) motions are those that raise the district court's "failure to reach the [§ 2255] merits," *Gonzalez v. Crosby*, 545 U.S. 524, 538 (2005), or failure to rule on a claim in the § 2255 motion, *cf. United States v. Espinoza*, 421 F. App'x 817, 818 (10th 2010) (ruling on a rule 59(e) motion).

On the other hand, a rule 60(b) motion constitutes a second or successive petition "if it in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction."  *Spitznas v. Boone*, 464 F.3d at 1215 (citing *Gonzalez v. Crosby*, 545 U.S. at 538). Stated otherwise, a rule 60(b) motion is a second or successive § 2255 motion "if the success of the motion depends on a determination that the court had incorrectly ruled on the merits in the habeas proceeding."  *In re Pickard,* 681 F.3d 1201, 1206 (10th Cir. 2012); *see also United States v. Harrison*, 382 F. App'x 678, 680 (10th Cir. 2010) ("Although *Gonzalez* dealt with § 2254 applications for relief, we have applied its analysis to § 2255 motions.").   An example is "a motion 'seek[ing] vindication of' a habeas claim by challenging the habeas court's previous ruling

3

on the merits of that claim." *Spitznas v. Boone*, 464 F.3d at 1216 (citing *Gonzalez v. Crosby*, 545 U.S. at 531). Determination of the nature of a motion rests primarily on the motion's substance and the relief sought by the Defendant. *See United States v. Baker*, 718 F.3d 1204, 1207-08 (10th Cir. 2013).

Defendant makes several assertions to support his position that his motion is a "true" rule 60(b) motion. The motion, however, primarily attacks the Court's ruling on the merits of his original § 2255 motion--and his conviction--and thus amounts to a second or successive § 2255 motion. *See Pickard,* 681 F.3d at 1206. This Court and the Court of Appeals have addressed most of Defendant's new allegations. The court will not recast the motion as a § 2255 motion, *see United States v. Valadez-Camarena*, 402 F.3d 1259, 1261 (10th Cir. 2005), and because "the prisoner's pleading must be treated as a second or successive § 2255 motion, the district court does not even have jurisdiction to deny the relief sought in the pleading." *United States v. Nelson*, 465 F.3d 1145, 1148 (10th Cir. 2006). Under the rule stated in *Nelson*, the Court will dismiss Defendant's 60(b) motion for lack of jurisdiction.

IT IS THEREFORE ORDERED that Defendant's Motion to Disqualify (CV Doc. 123; CR Doc. 197) filed on June 3, 2014 is DENIED; and his Motion to Set Aside Judgment (CV Doc. 120; CR Doc. 194) filed on March 17, 2014, is DISMISSED for lack of jurisdiction.

_____

UNITED STATES DISTRICT JUDGE